IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2000

**STATE OF TENNESSEE v. ANTHONY LAYNE**

**Appeal as of Right from the Circuit Court for Coffee County**
**No. 27,741M     Gerald L. Ewell Sr., Judge**

---

**No. M1997-00025-CCA-R3-CD - Filed December 29, 2000**

---

The appellant, Anthony Layne, was convicted by a jury in the Coffee County Circuit Court of one count of criminal trespass, a class C misdemeanor, and one count of theft of property less than $500, a class A misdemeanor. The trial court sentenced the appellant to thirty days incarceration in the Coffee County Jail for the criminal trespass conviction. The trial court also sentenced the appellant to eleven months and twenty-nine days incarceration in the Coffee County Jail for the theft conviction and assessed a $1000 fine. The appellant raises the following issue for our review: whether the evidence in this case was sufficient to support the appellant's convictions. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Anthony Layne.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, C. Michael Layne, District Attorney General, and Steve Weitzman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On February 22, 1996, at approximately 11 p.m., Dwight Alford noticed a truck turn into the driveway of the house he was building. The house was located at the end of a driveway that was approximately 400 feet long. The entrance to the driveway was marked by a few steel posts with a rope running from post to post. According to Alford, the last member of the construction crew to leave the property was to hang the rope from post to post, obstructing the entrance to the driveway. Alford could not testify that the rope had been hung on the day in question. He also admitted that the property was not posted with "no trespassing" signs. Alford testified that on the evening of

February 22, 1996, he watched as the truck proceeded toward the house, turned around, and left. He then saw the truck return and approach his vehicle. Alford stated that, as the truck approached his vehicle, he saw the truck's lights go out, and the truck proceeded out of the driveway at a high rate of speed. As the truck came out of the driveway, the truck bounced, and a ladder fell off the truck. Alford followed the truck until it was stopped at a roadblock near the Oak Market on Interstate Drive in Manchester. While following the truck, Alford had called 911 to notify the Sheriff's Department.

Several police officers testified concerning the stop of the truck. Officer Victor Jones, Officer Frankie Yates, and Officer Mike Jarvis testified that the appellant was the driver of the truck. There were two passengers in the truck, a young man and a young woman.

The ladder that fell from the truck was later found by Alford in a grassy area about seventy-five yards east of his driveway. Howard Ridner of Howard Ridner Construction Company testified that the ladder that Alford found belonged to Ridner and was being used at the Alford construction site. He stated that the value of the ladder was $100.

Stacey O'Neal testified for the appellant that she and Michael Nunley were with the appellant on the evening of February 22, 1996. They had met in Tracy City and decided to drive to Manchester. After eating at a fast food restaurant in Manchester, they drove out Woodbury Highway. They drove into Alford's driveway in order to turn around. As they left the driveway, a vehicle approached on the driveway. They went around the vehicle. The vehicle turned around and followed them until they were stopped at a roadblock. O'Neal denied that anyone had taken a ladder from the Alford property. She also denied seeing a ladder fall from the truck.

A jury in the Coffee County Circuit Court convicted the appellant of one count of criminal trespass, a class C misdemeanor, and one count of theft of property less than $500, a class A misdemeanor. The trial court sentenced the appellant to thirty days incarceration in the Coffee County Jail for the criminal trespass conviction. The trial court also sentenced the appellant to eleven months and twenty-nine days incarceration in the Coffee County Jail for the theft conviction and assessed a $1000 fine. On appeal, the appellant raises the following issue for our review: whether the evidence in this case was sufficient to support the appellant's convictions.

## II. Analysis

When challenging a conviction on sufficiency of the evidence grounds, the appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). Our supreme court has found that "a guilty verdict, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in testimony in favor of the theory of the State." State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978). Accordingly, on appeal the State is entitled to the strongest legitimate view of the evidence produced at trial and all reasonable inferences which may be drawn from that evidence. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a jury conviction removes the presumption of innocence the appellant enjoyed at trial and replaces it on appeal with a presumption of guilt; therefore, the appellant carries

the burden of demonstrating to this court why the evidence is insufficient to support the jury's findings. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In order to sustain the appellant's conviction of criminal trespass, the State needed to prove that the appellant entered Alford's property, knowing that he did not have Alford's effective consent to do so. Tenn. Code Ann. § 39-14-405(1997). The testimony of the State's witnesses at trial established that the appellant twice entered Alford's property. There were steel posts located at the entrance to the driveway. Additionally, the driveway led to what was obviously a private residence. Moreover, upon noticing Alford's vehicle approaching his truck, the appellant turned off the lights of his truck and sped away, hitting a bump with such force that a ladder fell from the truck. We conclude that, based upon these facts, a reasonable trier of fact could have found the appellant guilty of criminal trespass.

Additionally, to convict the appellant of theft, the State needed to prove that the appellant obtained or exercised control over the property of another having a value of less than $500, with the intent to deprive the owner of the property and without the owner's effective consent. Tenn. Code Ann. § 39-14-103, -105(1)(1997). Alford testified that he witnessed a ladder fall from the appellant's truck. Alford later found the ladder approximately seventy-five yards east of his driveway. Additionally, Ridner testified that he owned the ladder that Alford found, that the ladder had been at the construction site at Alford's house, and that the ladder was worth $100. We find that this evidence is sufficient for a jury to find that the appellant committed the offense of theft.

The appellant specifically argues that O'Neal testified that the appellant turned west upon leaving the Alford residence. The appellant emphasizes that the ladder was found east of Alford's driveway. Thus, the appellant argues, the evidence is in conflict so as to suggest the appellant's innocence. Conflicts in the testimony produced at trial are to be resolved by the trier of fact and not this court. State v. Fox, 733 S.W.2d 116, 117 (Tenn. Crim. App. 1987). The jury obviously discredited the appellant's witness and instead chose to believe the State's witnesses. See State v. Bolden, No. 288, 1989 WL 98090, at *2 (Tenn. Crim. App. at Knoxville, August 24, 1989). We will not reweigh or reevaluate this evidence. This issue is without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE